**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4967**

———————

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

DREW SHARREFF-EL, a/k/a Mack Ahizi,

     Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00124-MOC-1)

———————

Submitted: June 14, 2012    Decided: June 19, 2012

———————

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kenneth D. Snow, THE SNOW LEGAL GROUP, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Drew Sharreff-El pled guilty to one count of conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 371 (2006), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (2006). The district court, finding the plea knowingly and voluntarily entered and supported by an adequate factual basis, accepted his guilty plea and sentenced Sharreff-El to a total of 133 months in prison. Sharreff-El appeals, and we affirm.

On appeal, Sharreff-El's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court (1) erred in applying an enhancement for Sharreff-El's role as a leader or organizer in the conspiracy and (2) adequately explained Sharreff-El's sentence. In his pro se supplemental brief, Sharreff-El raises the same issue regarding his leadership role and also questions whether the district court erred in allowing the presentence report to contain false statements regarding his citizenship and his legal status in the United States. The Government has declined to respond.

First, we note that the district court found that Sharreff-El was not a leader or organizer pursuant to U.S.

2

Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2010), but a manager or supervisor pursuant to USSG § 3B1.1(b), resulting in a three-level, not a four-level enhancement.

A three-level enhancement for an aggravating role in the offense is authorized "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). This court has explained that "the aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted). The district court's determination that a defendant played an aggravating role in an offense is a factual determination reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011).

Here, the district court found that Sharreff-El played the role of a manager or supervisor during the transactions in which he was involved. At sentencing, the Government presented evidence that Sharreff-El assumed a supervisory role in these transactions by directing the transfer of funds, placing calls to initiate the fraudulent transactions, and providing fraudulent financial information needed to complete the

3

transactions.  In light of this evidence, we conclude that the district court's application of an aggravating role enhancement was not clearly erroneous.

Next, counsel challenges as inadequate the district court's explanation of the sentence.  We review any sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007).  A sentence is procedurally reasonable if, among other things, the court sufficiently explains its reasons for imposing it.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy."  United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).  Our review of the record leads us to conclude that the district court provided an adequate explanation of Sharreff-El's sentence and therefore did not abuse its discretion in imposing its chosen sentence.

In accordance with Anders, we have examined Sharreff-El's pro se claims and the entire record for potentially meritorious issues and have found none.  We affirm the judgment of the district court.

This court requires that counsel inform Sharreff-El, in writing, of his right to petition the Supreme Court of the

4

United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move to withdraw. Counsel's motion must state that a copy thereof was served on Sharreff-El. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5